IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV401-03-MU

DERRICK LAMONT SMITH,           )
                                )
        Plaintiff,              )
                                )
        v.                      )           **O R D E R**
                                )
JIM PENDERGRAPH, OFFICER        )
WETZEL,                         )
                                )
        Defendants.             )
_____)

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed August 28, 2008. (Document No. 1.)

In his Complaint against former Sheriff James Pendergraph and Officer Wetzel, Plaintiff contends that on April 17, 2007, he was attacked by another inmate. After officers broke up the fight, Plaintiff was handcuffed by Officer Wetzel. Plaintiff contends that Officer Wetzel then slammed him into the wall and then slammed him on the floor face first splitting open his lip and knocking out his front tooth. (Complaint at 3-4.)

First, the Court notes that there is no allegation in the Plaintiff's compliant that Mr. Pendergraph ever had any personal contact with the Plaintiff; therefore there can be no individual liability as to Defendant Pendergraph. The claim against Mr. Pendergraph therefore can only be construed as claims under a theory of supervisory liability. As an initial matter, the Court notes, that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Mr.

Pendergraph instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivation. Therefore, there is no basis upon which to attach supervisory liability to Mr. Pendergraph. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Mr. Pendergraph then is if Mr. Pendergraph acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Here, there is no allegation that Mr. Pendergraph had knowledge of any "pervasive, unreasonable risk of harm". The allegations in the complaint of Officer Wetzel's excessive force against Plaintiff simply does not establish that Mr. Pendergraph knew of any unreasonable risk to Plaintiff. Therefore, Plaintiff has failed to state a claim against Mr. Pendergraph.

With respect to Plaintiff's claim of excessive force against Officer Wetzel, the undersigned finds that the Defendant Officer Wetzel should file an Answer detailing Plaintiff's allegations and responding to each.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that**

1. Former Sheriff James Pendergraph is dismissed from this case and should be removed form the caption of this case,

2. Defendant Wetzel shall file an Answer to Plaintiff's Complaint in accordance with

the Federal Rules of Civil Procedure. Such answer shall detail all of Plaintiff's allegations and respond to each.

3. The Clerk shall issue summons and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost.

**SO ORDERED**.

Signed: September 2, 2008

Graham C. Mullen
United States District Judge