IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV401-03-MU

DERRICK LAMONT SMITH,           )
                                )
        Plaintiff,              )
                                )
        v.                      )
                                )   **O R D E R**
OFFICER WETZEL,                 )
                                )
        Defendant.              )
_____)

**THIS MATTER** is before this Court on Defendant's Motion for Summary Judgment filed March 12, 2009 (Doc. No. 15); Plaintiff's Motion in Opposition filed April 8, 2009 (Doc. No. 18); Defendant's reply filed April 20, 2009 (Doc. No. 19); and Plaintiff's Motion for Counsel filed April 8, 2009 (Doc. No. 17.)

On August 28, 2008, Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. §1983 alleging that on April 17, 2007 he was attacked by another inmate. After officers broke up the fight, Plaintiff was handcuffed by Officer Wetzel. Plaintiff contends that Officer Wetzel then slammed him into the wall and then slammed him on the floor face first splitting open his lip and knocking out his front tooth. (Complaint at 3-4.)

Plaintiff contends that after he was handcuffed, Wetzel led him towards the exit, which was on the way to his cell. (Smith Dep. 52: 3-7.) Smith thought he was either being taken to his room or going out of the dorm (Smith Dep. 49: 22-24.) When Wetzel walked Smith past his room, Smith realized that he was not being taken to his room (Smith Dep. 57: 4-8.) Smith

1

realized that he was being taken to segregation, and wanted to retrieve property so that the Sheriff's Office would not throw it away. (Smith Dep. 57: 14-23.) When he realized that he was being placed in segregation, Smith told Wetzel that he needed to get some personal items out of his room. (Smith Dep. 57:5-13.) Wetzel told Smith to "stop resisting", threw him against the wall and then immediately slammed him to the ground twice. (Smith Dep. 59:1-9; 62: 25; 62: 1-2.) Other officers had tasers out at this time. (Smith Dep. 59: 10-13.) According to Wetzel, he grabbed Smith by the arm after Smith told him "I am going to get shit out of my room." (Wetzel Dec. ¶¶ 7,9.) Wetzel contends that he secured Smith to the floor and handcuffed him. (Wetzel Dec. ¶ 8.) Smith contends that after he was taken to the ground, he was taken down the hallway and Wetzel handed him over to Officer Witherspoon. (Smith Dep. 63:24-25; 64: 1-2.) Smith was later placed in segregation for two days. (Smith Dep. 65:15-18.)

As a result of this incident, Smith's front tooth was loosened,[1] and another tooth was chipped. (Smith Dep. 76: 6-16.) Smith also contends that he injured his back and nose. (Smith Dep. 77: 2-7.) According to Smith he received no medical attention for his injuries on April 17.[2] (Smith Dep. 69: 17-21.) Smith received medical attention for his back about eight months after this incident. (Smith Dep. 98:19-23.)

Plaintiff filed a grievance with Major Pagan. (Smith Dep. 81: 24-25; 82:1.) The grievance was denied on May 1, 2007. (Smith Dep. 83: 4-5), and Plaintiff never appealed the denial of this grievance. (Smith Dep. 83: 16-19; 85: 5-10.)

---

[1] The tooth that was loosened came out while Smith was in segregation. (Smith Dep. 76: 17-20.)

[2] According to Wetzel, he took Smith to see Nurse Thomas, who cleared Smith for single cell confinement. (Wetzel Dec. ¶ 11.)

Plaintiff concedes that he did not comply with the Mecklenburg County Sheriff's Office grievance process because an appeal of the denial of his grievance would be "futile", and the "jail grievance policy could not render the type of relief sought by Plaintiff." (Mot. In Opp. at 6.) These arguments are without merit.

**ANALYSIS**

**A. Plaintiff has Not Exhausted His Administrative Remedies**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. Specifically, 42 U.S.C. § 1997e(a) states, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West 2003). There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. The effectiveness of the administrative procedure to produce the inmate's requested remedy and/or the alleged futility of the administrative remedies to produce the inmate's requested remedy are not exceptions to the exhaustion of administrative remedies requirement under the Act. Taylor v. Dr. Barnett, 105 F. Supp. 2d 483, 486 (E.D.Va 2000) (courts should focus on availability and not effectiveness of remedies); Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) (there is no futility exception to Section 1997e(a)).

3

Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. An "inmate cannot simply fail to file a grievance or abandon the process before completion and claim he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999) citing Wright v. Morris, 111 F.3d 414, 417 n.3 (7th Cir.) cert. denied, 522 U.S. 906 (1997).

A prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur prior to the filing of the lawsuit or it must be dismissed. Anderson v. XYZ Correctional Health Serv., 407 F.3d 674, 683 (4th Cir. 2005). Therefore, when considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

According to the inmate grievance process at the Mecklenburg County Jail, which is included in the Mecklenburg County Jail Inmate Handbook distributed to inmates when they enter the Mecklenburg County Jail system,[3] an inmate shall contact their POD supervisor if they have a grievance. If the POD supervisor cannot resolve the issue, the inmate shall fill out a grievance form. Inmates receive a written response to their grievance within ten days. An appeal of the written response may be taken within seventy-two hours of receipt of the written response. (Dec. of Polly Raymer-Ellenburg, attached to Def's Motion for Summary Judgment; Excerpt of

---

[3] Plaintiff received a copy of the Inmate Handbook when he was incarcerated at the Jail in 2005. (Smith Dep. 88: 4 - 15.)

4

Inmate Handbook, attached to Def's Motion for Summary Judgment.)

It is clear that at the time Plaintiff filed his Complaint, he had not exhausted his administrative remedies. Indeed, Plaintiff admitted that he failed to comply with the Mecklenburg County Sheriff's Office grievance policy. Such failure is fatal to his excessive force claim. Notwithstanding Plaintiff's failure to exhaust, the Court will reach the merits of Plaintiff's case.

**B. Plaintiff's Injuries are De Minimus**

The Fourteenth Amendment provides the source of protection against excessive force claims for a pretrial detainee. United States v. Cobb, 905 F.2d 784, 788 (4th Cir. 1990). When officials stand accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albert, 475 U.S. 312, 320-21 (1986) citing Johnson v. Glick, 481 F.2d 1028., 1033 (2d Cir. 1973). Such factors as need for application of force, relationship between need and amount of force used, and extent of injury inflicted are relevant to ultimate determination. Gray v. Spillway, 925 F.2d 1085 (4th Cir. 1990). Plaintiff also needs to show a resulting injury. Plaintiff's injury need not be significant to be violative of the Fourteenth Amendment, but something more than de minimis is required. Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). "Not every malevolent touch by a prison guard gives rise to a federal cause of action . . . ." Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Riley, 115 F.3d at 1167, quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). But cf. United States v. Perkins, 470 F.3d 150 (4th Cir. 2006) (where Court concluded that mere "physical pain" met the broader definition

5

of "bodily injury" as applied under criminal provisions 18 U.S.C. §§ (f)(5), 1365 (g)(4), 1515 (a)(5) and 1864 (d)(2), and affirmed felony assault conviction under 18 U.S.C. §242).

From a review of Plaintiff's Complaint, Defendant's Answer and Motion for Summary Judgment along with the supporting documents including excerpts of Plaintiff's deposition transcript, the Court concludes that it appears that the force used against Plaintiff was not excessive in that it was applied in a good faith effort to restore discipline. Whitley, 475 U.S. at 320, 321. Indeed, both parties agree that the use of force came after Plaintiff was told to "stop resisting" when he wanted to get personal items out of his room before going to segregation. (Smit Dep. 57: 5-13.) However, in an abundance of caution, the Court will go on to consider Plaintiff's injuries to determine if Plaintiff can establish that his injuries amount to more than a de minimus injury as is required to state a claim for excessive force. Riley, 115 F.3d at 1167; Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998) (even if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force had subsided, Plaintiff failed to show that his injuries resulting from such force are more than de minimus.) Plaintiff claims to have sustained, "a broken tooth", a chipped tooth, and an injury to his nose and back as a result of the altercation with Wetzel on April 17, 2007. (Smith Dep. 76: 6-20; 77: 2-7.) However, the Court finds that Plaintiff has not established more than a de minimus injury. The injuries sustained by the Plaintiff are clearly the type of injuries contemplated by the Fourth Circuit and other courts as being de minimus and not actionable under § 1983. See Riley, 115 F.3d at 1168; Byrd v. Hopson, 265 F.Supp 2d 594, 612 (W.D. N.C. 2003) (collecting cases); Luong v. Hatt, 979 F.Supp. 481, 486 (N.D.Tex. 1997) (to be more than "de-minimus injury" in context of suit under Prison Litigation Reform Act, injury must be more than "an aching back, a

scratch, an abrasion, a bruise, etc. which lasts even up to two or three weeks.:; see also Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir. 1998) (temporary swelling and irritation, tenderness over ribs and abrasions on wrists and ankles are de-minimus injuries); Milton v. Wilson, 2008 WL 4643178 (D.S.C. 2008) (laceration above eye and on lip along with broken tooth were de minimis). Here, the record indicates that Plaintiff received no medical treatment for his nose or teeth and eight months after the incident received a muscle relaxant for his back. (Smith Dep. 77: 14-17; 98: 15-24.) The Plaintiff has not established that his injuries were more than de minimus. Therefore, his excessive force claim must fail.

**THEREFORE, IT IS HEREBY ORDERED** that:

1) Defendant's Motion for Summary Judgment (Doc. No.15) is Granted;

2) Plaintiff's Complaint is Dismissed (Doc. No. 1) with prejudice;

3) Plaintiff's Motion for Counsel (Doc. No. 17) is denied as moot.

**SO ORDERED**.

Signed: May 12, 2009

Graham C. Mullen
United States District Judge